**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
CITY OF GRIDLEY and ANTHONY LARA
*Exempt from filing fee pursuant to Government Code section 6103*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTHONY GARCIA – PADILLA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GRIDLEY, a legal Subdivision of the State of California; ANTHONY LARA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: **2:21-cv-00206-TLN-DMC**<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: 02/03/2021 |

*{02547958.DOCX}*

1
STIPULATION AND PROTECTIVE ORDER

Plaintiff MARCO ANTHONY GARCIA-PADILLA and Defendants CITY OF GRIDLEY and ANTHONY LARA in good faith believe that the documents identified in this Stipulated Protective Order contain information that is confidential.

**STIPULATION AND PROTECTIVE ORDER**

This Order shall pertain to the following documents:

1. Butte County District Attorney's Office's recorded interview of Officer Anthony Lara;
2. Butte County District Attorney's Office's recorded interview of Officer Devin Pasley;
3. Butte County District Attorney's Office's summary of recorded interview of Officer Anthony Lara; and
4. Butte County District Attorney's Office's summary of recorded interview of Officer Anthony Pasley.

The parties further agree that upon agreement of the parties additional documents may be identified as Confidential and produced pursuant to the terms of this Order.

**A.   DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order, described above.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privileges of the Parties and/or third parties as determined in good faith by the attorneys representing the Designating Party. Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

*{02547958.DOCX}*

4. "Defendants" shall mean CITY OF GRIDLEY and ANTHONY LARA.

5. "Plaintiff" shall MARCO ANTHONY GARCIA-PADILLA.

6. "Parties" shall mean Plaintiff and Defendants, identified above.

**B.  TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the Parties through their counsel of record, that the Confidential Documents may be designated as "Confidential" by the the parties and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with this Action and in the preparation and trial of the case.  The Parties do not waive any objections to the admissibility of the document or portions thereof in future proceedings in this case, including trial.

2. Defendants will designate the Confidential Documents as confidential by affixing a mark labelling it "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

(a) Humberto Guizar, Kent Henderson, Angel Carrazco, and Christian Contreras of GUIZAR, HENDERON & CARRAZCO, LLP, other attorneys in that office, if any, as counsel for Plaintiff in the case enumerated above;

(b) Stephen Horan and William Camy of PORTER SCOTT and Anthony Galyean of Rich Ruidge Bordsen & Galyean, attorneys in that office, as counsel for Defendants in the case enumerated above;

(c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

*{02547958.DOCX}*

3
STIPULATION AND PROTECTIVE ORDER

(f) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

7. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

8. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

9. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated: November 15, 2021          GUIZAR, HENDERSON & CARRAZCO, LLP


By:   /s/ *Christian Contreras*
          Christian Contreras
          Attorney for Plaintiff


Dated: November 15, 2021          PORTER SCOTT
          A PROFESSIONAL CORPORATION


By:   /s/ *William E. Camy*
          William E. Camy
          Attorney for Defendants

*{02547958.DOCX}*

**ORDER**

FOR GOOD CAUSE SHOWN, the foregoing Protective Order, requested by stipulation of the parties, is hereby entered.

**IT IS SO ORDERED.**

**Dated: November 19, 2021**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

*{02547958.DOCX}*